# JIM ROBINS V. THE STATE.

No. 19621.   Delivered May 25, 1938.

The opinion states the case.

*J.. W. Ragsdale,* of Victoria, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for theft of property over the value of $50.00; punishment, confinement in the State Penitentiary for a term of seven years.

This is a companion case to that of E. H. West v. State, No. 19326, decided by this Court on January 26, but not yet reported. [Page 565 of this volume.] The testimony adduced upon the trial of this case is, in all essential respects, similar to the facts proved in that case where they are briefly stated. Therefore, we do not deem it necessary to here reiterate the same.

It was the State's theory in this case (as in that case) that appellant, West and Barnes, had entered into a conspiracy to commit the offense charged in the indictment. The court, in his instruction to the jury, made appellant's guilt depend upon a finding by the jury of the existence of such conspiracy among the parties and carefully limited any and all statements made by any of the alleged conspirators out of the presence of appellant, to the establishment of such a conspiracy, if any.

By bill of exception number one, appellant complains because Mrs. Barfield, the injured party, was permitted to testify that after West had cashed her check for $4,000 and all parties connected with the transaction had met at the Muti Hotel and had gone from there to Mrs. Barfield's home, and that soon after West and appellant had left her home, Barnes told her he had to get in touch with his employer and tell him about the trade. Appellant objected thereto on the ground that if a conspiracy had existed, it had been consummated, and any statement or declaration subsequently made by a coconspirator was not admissible against him. The grounds of objection states a correct rule of evidence. However, we must bear in mind that a conspiracy includes everything that was within the contemplation of the conspiracy, such as the division of the spoils or any other matters subsequent to, but included within, its scope. A conspiracy is not finally terminated until everything has been done that was contemplated to be done by the conspirators. See O'Neal v. State, 14 Texas Crim. Rep. 582; Serrato v. State, 74

Texas Crim. Rep. 413; Miller v. State, 88 Texas Crim. Rep. 157 (159).

In the instant case there is no showing that the ill-gotten money had been divided among the alleged conspirators. So far as this record shows, West was in possession of all the money, which no doubt was to be divided among them, but which had not been done at the time of the statement by Barnes.

By bill of exception number two, appellant complains because the court declined to permit him, on cross-examination of Mrs. Barfield, to prove by her that if the trade had gone through and she had gotten her money out of the deal, she would not have prosecuted them for stealing her money. It appears from the record, however, that she did testify:

"I told Robins that I would give him 35 minutes to put up my $4,000 in the bank. If he did not do it, I was going to get a lawyer after him. If I had gotten my money back, there would not have been anything to have gotten after him about."

It occurs to us that the testimony above quoted is, in legal effect, similar to that which appellant sought to elicit from her; hence, no such injury as would require a reversal of the case is shown.

By bill of exception number three, appellant complains because the State was permitted to prove by Mr. Rohtasch, a peace officer, that he arrested appellant in the State of Louisiana for the offense for which he was on trial. Appellant objected thereto on the ground that it was an attempt to place appellant's reputation in issue. We do not so regard it. It is apparent that the State sought to show flight, and evidence of flight is always admissible in cases where the accused is charged with a crime. See Hardin v. State, 4 Texas Crim. Rep. 355; Aiken v. State, 10 Texas Crim. Rep. 610; Hart v. State, 22 Texas Crim. Rep. 563.

Appellant urged a number of objections to the court's charge. We have carefully examined the charge in the light of the objections and reached the conclusion that it is not subject to the criticisms addressed thereto. It seems to us to be a fair and pertinent application of the law to the facts of the case, and we see no need for entering upon an extended discussion of each of the objections.

Appellant also complains because the court declined to submit to the jury his specially requested instructions. A careful review of the court's charge, together with the requested instructions, leads us to the conclusion that no error was committed. The requested instruction defined a partnership and followed the same with an instruction to the jury that if Mrs.

Barfield put $4,000 of her money in the hands of Bert Wiley Barnes and Jim Robins to be used by them in the purchase of a leasehold estate in land situated in Brewster County, and that she was to share in the profits arising from the resale of the lease then to acquit him.

It is obvious that this requested instruction would have required the jury to acquit appellant regardless of any fraudulent or deceitful statements or misrepresentations to which they might have resorted in order to induce Mrs. Barfield to place her money in their hands. If we should hold a charge of this character applicable in cases of this nature, it would nullify and set at naught the statute of theft by false pretext.

All other matters complained of have been considered by us and are deemed to be without merit.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.