PEARL CLARK V. STATE.

No. 26,233. February 4, 1953.

*Reid & Reid,* by *J. W. Reid,* Abilene, for appellant.

*Lloyd A. Wicks, Jr.,* County Attorney, Crosbyton, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for possessing whisky for the purpose of sale in a dry area, with punishment assessed at a fine of $1,000 and 180 days in jail, enhanced by a prior conviction for an offense of like character.

Peace officers had occasion to go to the farm of Leslie Mitchell to make an arrest of a certain man whose name the record does not reflect. They drove to a servant house where the man was alleged to live. Upon arriving at the servant house they saw the automobile of appellant parked nearby and appellant's young son seated therein under the steering wheel. Between the front and back seats of the automobile two sacks were found, one containing eight pints and the other twelve pints of whisky. Also, appellant's purse was found in the car.

The arresting officer asked the boy "where Pearl (appel-

lant) was." He replied that she was "sitting in the house there reading." When questioned as to whether the whisky belonged to him, he replied, "No," he was "just driving for her." Upon being asked if he knew the whisky was in the car, the boy replied, "Sure, I know it."

Although the officers searched the house and premises for the appellant, she was not apprehended until some eleven hours thereafter.

It is upon the foregoing facts that this conviction rests.

The appellant did not testify or offer any affirmative defensive testimony.

The trial court submitted the case to the jury upon the theory that the statements of the boy to the officers were those of a co-conspirator.

As we understand it, it is the theory of the state that the boy's testimony was sufficient to show that it was appellant's whisky in the car and that his statement that he was "just driving for her" and the further fact that the whisky and her purse were found in her car constitute sufficient evidence to support the conviction.

Regardless of when proof is made of the existence of a conspiracy or the acting together, the fact remains that in order to establish a conspiracy or the acting together there must be some evidence of some participation or interest in the commission of the crime, apart from the testimony of the alleged co-conspirator. 18 Tex. Jur., Evidence—Criminal Cases, Sec. 122, p. 213. The participation of another in the crime cannot be established, alone, by the declarations of third persons in the absence of the accused, and there must be evidence apart from any acts or declarations of the alleged co-conspirators which will tend to show an acting together of the parties. 18 Tex. Jur., Evidence—Criminal Cases, Sec. 121, p. 212.

The instant facts do not meet the requirement of the rules stated, and we are therefore constrained to agree that the facts are insufficient to support the conviction.

The judgment is reversed and the cause is remanded.

Opinion approved by the court.