**Weldon Edmund GAY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7318.**

United States Court of Appeals
Tenth Circuit.

Sept. 9, 1963.

Gerald L. Turner, Salt Lake City, Utah, for appellant.

William T. Thurman, U. S. Atty., Salt Lake City, Utah, for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and SETH, Circuit Judges.

SETH, Circuit Judge.

Appellant was indicted for unlawful transportation in interstate commerce of a stolen motor vehicle in violation of 18 U.S.C. § 2312, as Count Two, and for conspiracy with a co-defendant to transport stolen automobiles in interstate commerce in violation of 18 U.S.C. § 371, as Count Three. The appellant was tried separately and found guilty by the jury on both counts. He was sentenced to five years' imprisonment on each of the counts, the sentences to run consecutively.

The first point to be considered on the appeal is the admissibility of certain testimony of an F.B.I. Agent in which he described certain statements made to him by the alleged coconspirator. In this testimony the agent recited in some detail the statements of the coconspirator to the effect that appellant knew the cars were being stolen, that they both would transport them to Utah, make out Utah registrations, and take them to Mexico to sell; also that appellant made out the Utah registration slips. These statements were made by appellant's alleged coconspirator to the agent at the Salt Lake City jail after the coconspirator and appellant had been arrested. The statements were in effect a recitation of the facts concerning the conspiracy, by the coconspirator, after the conspiracy had been terminated. Under the standards described by this court in several cases, this testimony was not admissible against the appellant because the statements of the coconspirator were made after the conspiracy had ended, if there was one, and they were not of course made in furtherance of the conspiracy nor its objects. It was so held in Minner v. United States, 57 F.2d 506 (10th Cir.), Cleaver v. United States, 238 F.2d 766 (10th Cir.), and recently in Tripp v. United States, 295 F.2d 418 (10th Cir.). Thus it was error to have admitted the above described testimony of the F.B.I. Agent.

It appears from the record that the trial attorney for the appellant objected to this testimony on the ground there had been insufficient independent proof of the conspiracy. No other objection was made, but we believe under the circumstances that the error is sufficiently prejudicial that it may be raised and considered in this court although it was not called to the attention of the trial court. Cleaver v. United States, supra; Bogileno v. United States, 38 F.2d 584 (10th Cir); Addis v. United States, 62 F.2d 329 (10th Cir.); Kelly v. United States, 76 F.2d 847 (10th Cir.); Ladakis v. United States, 283 F.2d 141 (10th Cir.); Wright v. United States, 301 F.2d 412 (10th Cir.), and others.

It is of course not every error that requires reversal, and no conviction will be disturbed on an appeal when the error was not prejudicial. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; Rice v. United States, 149 F.2d 601 (10th Cir.); Wright v. United States, 301 F.2d 412 (10th Cir.). However it appears that in the case at bar when the entire record is considered, the rights of the accused were prejudiced by the admission of the testimony under consideration.

To consider the substantive charge after excluding the above considered testimony of the F.B.I. Agent, we find there is sufficient independent evidence to support the conviction on Count Two. The keys to the stolen automobile were found in appellant's hotel room; there was testimony that appellant had approached two individuals with the suggestion that they steal cars for him or with him. It was established that he had been in possession of the stolen car in Utah; it was shown that he had associated with his co-defendant and they discussed the trip to Salt Lake City from California and that appellant was to drive the station wagon in question; also that appellant had appeared in Salt Lake City driving the stolen vehicle in the company of his co-defendant. The record shows that the co-defendant had stolen this Ford station wagon from a used car lot in California. Appellant and the co-defendant were together when arrested. As indicated above, we believe that there

was sufficient evidence independent of the testimony of the federal agent establishing the elements of the substantive offense.

The case is reversed as to Count Three which is the conspiracy count, and affirmed as to Count Two, the substantive offense.