Donald Lawrence **ROBERTS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 36310.

Court of Criminal Appeals of Texas.

Jan. 22, 1964.

Rehearing Denied Feb. 26, 1964.

A. W. Salyars, Lubbock, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is conspiracy to commit burglary with intent to steal; the punishment, 2 years.

The indictment alleged in the second count that the appellant and Fred J. Shockley conspired and entered into positive agreement between themselves to break and enter a house occupied and controlled by Roy Edwards with intent to fraudulently take personal property therein being which belonged to Roy Edwards without his consent and to deprive Edwards of the value of said property and appropriate it to their own use and benefit.

The sole question presented is the sufficiency of the evidence to sustain the conviction.

The state relied upon circumstantial evidence.

All of the witnesses agreed that there was no burglary committed, and there was no direct evidence that the appellant and Shockley had any conversation or agreement to commit a burglary.

The circumstances relied upon by the state were:

The appellant and Shockley were in the pharmacy owned and operated by Roy Edwards about 6:30 in the afternoon. The store closed about 7:30 P.M.

Mr. Edwards, a pharmacist, went to the store about 10:30 P.M. to see if any prescriptions had been left there to be filled. He heard footsteps on the roof and locked the building and, as he left, he noticed that his ladder had been placed against the air-conditioner so as to lead to the roof.

Mr. Edwards found Deputy Sheriff Heath and they returned to the building. Heath remained while Mr. Edwards went to find Patrolman Van Liew and brought him to the building.

Fred Shockley jumped down from the awning at the front of the building and ran, and Mr. Van Liew pursued him and overtook and arrested him.

After taking Shockley to jail, the officers returned and Van Liew climbed on top of the building and flushed the appellant who

was lying underneath the neon sign. The appellant jumped off the sub roof and Officer Van Liew's dog jumped on his back. The appellant escaped, though several shots were fired at him and when one shot was fired by Deputy Heath appellant slumped and hollered. He was returned to Texas by Heath from Artesia, New Mexico, some eleven days later.

The appellant was wearing canvas gloves when he was on the roof under the sign.

After the appellant escaped, Patrolman Van Liew went back on top of the building and found a sledge hammer, three metal chisels, a screwdriver, a crowbar, a jack handle and lug wrench. The tools were lying on the roof top at the back some 2 or 3 feet from the edge. He also found a loaded .45 caliber revolver behind the front fire wall " * * * where they crawled over this fire wall to get on the awning."

All of the articles mentioned were found on the roof of the pharmacy. An old black hat was found on the roof of Dorothy Gray's Store. The stores were separated only by a fire wall and partition.

Evidence was introduced to the effect that the building was erected in 1961; that no repairs had been made on the roof; that the articles found and introduced in evidence had not been left there by the owners of the buildings; and that no consent had been given to the appellant or to Shockley to go upon the roof or to enter the pharmacy or the Gray Store.

No evidence was offered by the defense.

 It was not necessary that the state prove that the appellant and Shockley came together and actually agreed in terms to burglarize the building. The evidence is sufficient to sustain a finding, from their acts and conduct, that they were engaged in attaining and effecting the object of burglarizing the pharmacy building, and this was sufficient. Smith v. State, 21 Tex.App. 107,

17 S.W. 552; Marks v. State, 144 Tex.Cr.R. 509, 164 S.W.2d 690.

 That the burglary to be committed was to steal is sufficiently shown, the rule being that where the accused unlawfully breaks and enters the house of another at night without the consent of the owner, it will be presumed that the entry was with intent to commit theft. Sikes v. State, 166 Tex.Cr.R. 257, 312 S.W.2d 524.

We find no merit in the contention that the intent to burglarize the clothing store was a reasonable hypothesis which was not excluded. The appellant and Shockley were on the roof of the pharmacy; the ladder was placed against the pharmacy; the tools were on the roof near the ladder and the pistol was on the roof at the front of the pharmacy near where the appellant was hiding. They were together in the pharmacy shortly before closing time and were "looking around".

Viewing the evidence in the light most favorable to the jury's verdict, we find it sufficient to sustain the conviction.

The judgment is affirmed.