James SCHOENBERG, Appellant,

v.

The STATE of Texas.

No. A14–81–004–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 19, 1981.

Marvin O. Teague, Houston, for appellant.

Jerry Sandel, Dist. Atty., Huntsville, for appellee.

Before BROWN, C. J., and JUNELL and PRICE, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a conviction of theft of fourteen head of cattle. The primary question presented is whether a key prosecution witness was an accomplice so as to require corroboration of his testimony. We affirm.

L. S. Sledge, Robert Armstrong and William Armstrong were in partnership to raise cattle. On December 29, 1978, an employee of Mr. Sledge found fourteen head of cattle missing from a pasture and notified the authorities. In January of 1979 the cattle were located on some property that was owned, or at least in the possession of, James Schoenberg (Schoenberg or appellant) who was charged by information with the theft. The case was tried before a jury beginning on March 12, 1979, and resulting in a conviction consistent with the charge.

During the trial the state called witnesses Jack David Lowry and Stephen Chicola who testified they had been working with Schoenberg and another man framing houses. In the closing months of 1979 their work was coming to an end. They dis-

cussed stealing cattle as a way to make some money when their house framing job was completed. Pursuant to these discussions, the four men scouted some cattle in Montgomery County and stole them. The proceeds were divided equally amongst the four. Shortly thereafter, Chicola went to New York for a vacation. While he was gone and without his knowledge the other three scouted and stole the fourteen head of cattle in Grimes County. Lowry participated in the theft and was granted immunity for his testimony. Upon Chicola's return from New York, he was informed of the crime. The group of four then scouted and attempted to steal some more cattle in Montgomery County. This attempt was not successful and led to the capture of Chicola. Chicola and Lowry implicated appellant and led the authorities to his place near Giddings, Texas, where the cattle from the Grimes County theft were found.

Appellant brings five grounds of error. He complains that the trial court committed reversible error (1) by failing and refusing to charge the jury that Chicola was an accomplice as a matter of law or (2) by failing and refusing to submit the question of Chicola's status to the jury as a matter of fact and (3) by failing to strike the testimony of Chicola which encompassed extraneous offenses. Appellant also contends that (4) the information was fundamentally defective for failure to allege a value and (5) that Tex.Penal Code Ann. § 31.03(d)(4)(A) (Vernon 1974) violates the equal protection clauses of the United States and Texas Constitutions.

■ Appellant's first two grounds of error are based on the contention that the agreement made while the four men were framing houses was an ongoing conspiracy with Chicola being a co-conspirator and thus an accomplice to the Grimes County theft even though he was in New York. The test to determine whether a witness is an accomplice is whether a prosecution will lie against him under the indictment by which the accused was charged. *Silba v. State,* 161 Tex.Cr.R. 135, 275 S.W.2d 108 (1954). Here since Chicola was in no way directly involved in the Grimes County theft a charge against him for that offense could come only under a theory of conspiracy. That is, he could be charged if through the agreement to engage in criminal activity he became liable for the acts of his co-conspirators. There is no doubt that the agreement prior to the first Montgomery County offense constituted a conspiracy. The question is whether the conspiracy terminated prior to the Grimes County theft. A conspiracy is not finally terminated until everything has been done that was contemplated to be done by the conspirators. *Robins v. State,* 134 Tex.Cr.R. 617, 117 S.W.2d 82 (1938); *White v. State,* 451 S.W.2d 497, 500 (Tex.Cr.App.1969). If the agreement was to commit multiple thefts the conspiracy would be ongoing. On the other hand, if the agreement was to steal once, the conspiracy would have terminated after everything in connection with the first Montgomery County offense had been done. Any of the conspirators could agree at that point to engage in further crimes.

■ While we are aware of the subsequent criminal activity of a type consistent with the original agreement, we have been directed to no evidence, nor can we discover any, which would indicate the agreement specifically contemplated multiple offenses or that Chicola was considered by himself or by the others to be a part of the group for the Grimes County theft. There is no indication Chicola was to receive proceeds from that theft. Therefore, we hold the agreement made between the four men late in 1979 was not an agreement to commit several offenses, but that each offense stood alone. This holding leads us to the conclusion that the conspiracy for the Montgomery County offense was terminated when the spoils were divided. Chicola was thus not a part of any conspiracy concerning the Grimes County offense. We hold the trial court was correct in considering Chicola to be a non-accomplice as a matter of law. Appellant's first and second grounds of error are overruled.

■ By his third ground of error appellant complains of the trial court's failure to

strike the testimony of Chicola regarding the offenses in Montgomery County. The record indicates, however, this subject was first covered on cross-examination of Chicola by the defense. Appellant cannot introduce such testimony and then complain of its admission. Appellant's third point of error is overruled.

Appellant next contends that the information was fundamentally defective for failure to allege a value. Tex.Penal Code Ann. § 31.03(d)(4) (Vernon 1974) provides, in part, that theft is:

a felony of the third degree if:
(A) the value of the property stolen is $200 or more but less than $10,000, or the property is one or more head of cattle, horses, sheep, swine, or goats or any part thereof under the value of $10,000.

The crime alleged was the lowest value category for theft of cattle. We hold failure to specify an upper limit in property value, while prohibiting conviction of theft of an amount greater than the upper limit, does not constitute a fundamental defect. *Smith v. State*, 573 S.W.2d 546 (Tex.Cr.App. 1978). Appellant's fourth ground of error is overruled.

Finally, appellant contends that Tex. Penal Code Ann. § 31.03(d)(4)(A) violates the equal protection clauses of the United States and Texas Constitutions because an individual's punishment is not dependent on the minimum value of the property stolen for the named animals as with all other property. Animals have always been of special importance to the Texas economy, and the Legislature obviously feels a distinction is justified. We hold it is well within the power of the Legislature of this state to enact such a statute. Appellant's fifth ground of error is overruled and the conviction affirmed.

Affirmed.