JAMES BIVINS WESTON, JR. V. STATE

No. 28,623. December 5, 1956.
Appellant's Motion for Rehearing Overruled.
(Without Written Opinion) January 30, 1957.

*Mays & Mays, Dave Miller* and *J. O. Hughes,* by *Charles Mays, Jr.,* Fort Worth, for appellant.

*Howard M. Fender,* Criminal District Attorney, *Hugh F. King,* and *Conard Florence,* Assistants Criminal District Attorney, Fort Worth, and *Leon Douglas,* State's Attorney, Austin for the state.

WOODLEY, Judge.

The offense is rape; the punishment, 5 years.

The prosecutrix identified appellant as one of a number of young men who, against her will and despite her utmost resistance, assaulted and ravished her on the evening of April 15, 1955, and appellant's confession was admitted in evidence, without objection, in which he admitted being one of the men who took turns in having sexual relations with the prosecutrix.

The occasion was the same as that shown in the opinion of this court in Walter Tiroff v. State, No. 26,615, (page 215, this volume).

The facts were there stated at length and will not be repeated.

Appellant testified at the trial and denied that he took any part in the assault upon the prosecutrix or that he had sexual intercourse with her. He testified that he signed the confession because he was scared and had been promised by the assistant district attorney, who took it, that if he would sign the statement it would go lighter with him, and that the assistant district attorney asked him if he wanted to go to the electric chair or spend the rest of his days in the penitentiary.

The assistant district attorney denied that any such promise or threat was made and testified that the statement was made voluntarily.

Nothwithstanding the confession had been admitted without objection, the careful trial judge in his charge instructed the jury that it was not to be considered if the person taking it made such threat or promise, or if it was secured by means of any character of threat or promise.

In assessing the punishment the jury appears to have considered the matters called to our attention, such as the health condition and prior surroundings and lack of opportunity of appellant, and the indiscreet conduct of the prosecutrix in leaving her children, visiting night spots, and dancing and riding with other men while her husband was away.

None of these matters are such as would authorize this court to set aside the jury's verdict, amply sustained by the evidence, finding appellant guilty of the offense of rape and assessing the punishment at five years in the penitentiary.

Appellant objected to the testimony of the prosecutrix as to the assault and "judo licks" inflicted upon her by another of her assaulters, after she had been taken some distance from the car.

The objection was on the ground that such acts and conduct occurred outside of appellant's presence.

The trial court did not err in permitting this testimony. All of the acts of appellant and his co-actors during this concerted and continued assault, and all of the facts and circumstances surrounding the ravishing of the prosecutrix and her companion were admissible, not only upon the question of guilt but upon the punishment to be assessed. Bowles v. State, 156 Texas Cr. Rep. 548, 244 S.W. 2d 811.

The judgment is affirmed.