Steve Wayne FIGUEROA, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–0977–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 29, 1987.

Stanley G. Schneider, Robert Jon Sussman, Irene Kosturakis (Legal Intern), Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., J. Harvey Hudson, Harris County Asst. Dist. Atty., Houston, for appellee.

Before WARREN, COHEN and DUNN, JJ.

## OPINION

DUNN, Justice.

A jury convicted the appellant of capital murder, and the court assessed punishment at life imprisonment.

Appellant was arrested pursuant to an arrest warrant at his father's apartment and taken to the police station. He gave a written statement to Officer Novak and, upon subsequent interrogation, gave a second written statement to Officer Garza. Appellant's motion to suppress the confessions was overruled.

■ Appellant was found guilty of the intentional killing of Raynell Sue Muskwinsky, while in the course of committing robbery of David Lopez, who was also killed during the robbery, allegedly by appellant. The evidence presented at trial included the following: appellant's two confessions admitting that he shot both victims; testimony by Naomi Botello, Elizabeth Botello, and Robert Botello (siblings of co-defendant David Botello), all who were aware of the killings and/or had received and tried to dispose of the stolen jewelry; and testimony by Naomi Botello and Thomas Winebarger as to statements of David Botello regarding his and appellant's plan to rob and kill David Lopez. The testimony of the above witnesses, all of whom were granted transactional immunity, established the underlying felony offense of robbery necessary for the capital murder conviction.

■ In point of error one, appellant argues that he invoked his *Miranda* right to remain silent when, during questioning by Officer Garza, he became emotionally upset and asked for guarantees. He contends that questioning by the police should have stopped then and that the resulting confession was inadmissible.

This particular argument was not presented in appellant's motion to suppress both confessions, which motion alleged that he had requested an attorney. However, in the trial court's findings of fact and conclusions of law regarding this motion, the court did make a finding on the alleged facts. Therefore, the facts were before the court as part of the totality of circumstances considered in concluding that appellant voluntarily, knowingly, and intelligently waived his right to counsel and to remain silent. Thus, the argument is preserved for appeal.

■ In addition to finding that appellant became emotionally upset and asked for guarantees, the trial court also found the following: appellant was given his *Miranda* warnings on numerous occasions, including prior to both confessions; appellant did not ask for an attorney, nor to terminate the interview, nor did he express objection to talking; appellant stated he had to tell someone about his involvement in the offense; and no promises were given nor was coercion used.

When the voluntariness of a confession is challenged on appeal, the standard of review is whether the court abused its discretion in making one of the findings or whether the court properly applied the law to the facts. *Sinegal v. State*, 582 S.W.2d 135, 137 (Tex.Crim.App.1979). If the trial court's findings of fact are supported by the record, this Court's only inquiry will be whether the trial court improperly applied the law to the facts. *Burdine v. State*, 719 S.W.2d 309, 318 (Tex.Crim.App.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). The findings of fact not being challenged, we only address whether the court properly applied the law to the facts.

Appellant cites *Michigan v. Mosely*, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975), and *Hearne v. State*, 534 S.W.2d 703 (Tex. Crim.App.1976), as supporting his argument that the interrogation by Officer Garza, which resulted in his second confes-

sion, violated his *Miranda* rights. However, both of these cases concern a defendant who clearly stated that he did not want to talk. We do not have such a case before us. The issue presented here is whether becoming emotionally upset and asking for guarantees was sufficient to invoke appellant's right to remain silent under *Miranda*.

*Miranda* requires that once warnings have been given, if a defendant indicates "in any manner" that he wishes to remain silent, the interrogation must cease. *Miranda v. Arizona*, 384 U.S. 436, 473–74, 86 S.Ct. 1602, 1627, 16 L.Ed.2d 694 (1966). The only authority appellant cites for his contention that he invoked his right to remain silent is the broad *Miranda* language "in any manner." However, the Supreme Court has rejected literal interpretations of *Miranda*. *Mosley*, 423 U.S. at 102–03, 96 S.Ct. at 325–26 (cessation of interrogation need not be permanent once right to remain silent has been invoked). Furthermore, the trend has been towards a more restrictive interpretation of when one's *Miranda* rights have been invoked. *Connecticut v. Barnett*, — U.S. —, 107 S.Ct. 828, 832, 93 L.Ed.2d 920 (1987) (refusal to sign anything without an attorney was insufficient to invoke rights as to oral confession); *Fare v. Michael*, 442 U.S. 707, 727–28, 99 S.Ct. 2560, 2572–73, 61 L.Ed.2d 197 (1979) (request to see probation officer was insufficient to invoke rights).

While there are no Supreme Court cases on point, other courts have separately considered the issues of becoming emotionally upset and asking for guarantees. In *Howard v. Maggio*, the Fifth Circuit found no merit to defendant's contention that silence together with crying during interrogation compelled a finding that he wished to terminate the interview. 540 F.2d 1280, 1281 (5th Cir.1976). In its determination of whether defendant's request for time to think about whether to discuss the offense was scrupulously honored, the Texas Court of Criminal Appeals examined the circumstances of the subsequent interrogation, at which time defendant asked for guarantees before he would talk. *Phillips v. State*, 701 S.W.2d 875, 891 (Tex.Crim.App.1985),

*cert. denied*, — U.S. —, 106 S.Ct. 3285, 91 L.Ed.2d 574 (1986). The court concluded that such a request for guarantees, without defendant stating that he did not want to talk, would not cause the resumed questioning and resulting confession to be in violation of his rights. *Id.* The officer in *Phillips*, as in our case, stated that he could make no guarantees and repeated *Miranda* warnings before taking defendant's confession. *Id.* Furthermore, in our case, not only did defendant fail to state that he did not wish to talk; to the contrary, he stated that he had to tell someone about his involvement in the offense.

Based on the Supreme Court's more restrictive interpretation of *Miranda*, and the decisions in *Howard* and *Phillips*, we find that appellant did not invoke his right to remain silent when he became emotionally upset and asked for guarantees during interrogation, in the absence of a clear statement that he did not want to talk.

Point of error one is overruled.

■ In point of error two, appellant contends that the trial court erred in admitting testimony of Naomi Botello and Thomas Winebarger concerning statements by co-defendant David Botello, who invoked his Fifth Amendment right and did not testify, and thus allegedly deprived appellant of his Sixth Amendment right to cross-examine.

At trial, the testimony was offered under the hearsay exception that allows a statement by a co-conspirator made during and in furtherance of a conspiracy. *Saddler v. State*, 167 Tex.Cr.R. 309, 320 S.W.2d 146, 149 (1959) (later codified as Tex.R.Crim. Evid. 801(e)(2)(E)). Appellant's objection that no conspiracy had been proven was overruled. Appellant is not challenging whether the statement fell under the co-conspirator exception, but is raising a Sixth Amendment objection for the first time on appeal. If the error presented on appeal is not the same as the objection raised before the trial court, the error is not preserved. *Vanderbilt v. State*, 629 S.W.2d 709, 721 (Tex.Crim.App.1981), *cert. denied*, 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1982). However, even if appellant had made the

same argument at trial and thus preserved his error, a recent opinion by the Supreme Court makes it clear that admission of statements of co-conspirators under rule 801(d)(2)(E) of the Federal Rules of Evidence (which rule is the same as the Texas rule) does not violate defendant's rights under the confrontation clause, and that no independent inquiry into reliability is required. *Bourjaily v. U.S.*, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). *Douglas v. Alabama*, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965), cited by appellant, is not applicable because it reversed a conviction based on the admission of the confession of an accomplice, not a hearsay statement made by a co-conspirator.

Point of error two is overruled.

■ In points of error three and six, appellant contends that Naomi Botello, Elizabeth Botello, Robert Botello, and Thomas Winebarger were accomplice witnesses. In point of error three, appellant argues that the trial court erred in denying his requested jury instruction regarding accomplice witnesses. In point of error six, he argues that the evidence was insufficient, under Tex.Code Crim.P.Ann. art. 38.-14 (Vernon 1979), to establish guilt because of the uncorroborated testimony of the alleged accomplice witnesses. It was their testimony that established the underlying felony offense of robbery necessary for a conviction of capital murder. Appellant agrees that the witnesses in question were no more than accessories, and that the central question is whether an accessory after the fact constitutes an accomplice witness within the meaning of the accomplice witness rule, article 38.14. In *Easter v. State*, the Court of Criminal Appeals found that an accessory, no longer recognized in Texas as a party to the crime with which the accused is charged under Tex.Penal Code Ann. sec. 38.05 (Vernon's 1979), cannot be an accomplice witness whose testimony is required to be corroborated by article 38.-14. 536 S.W.2d 223, 228–29 (Tex.Crim.App. 1976). This holding was based on the rule that "one is not an accomplice witness who cannot be prosecuted for the offense with which the accused is charged." *Id.* at 227.

Appellant goes to great lengths to argue that *Easter* should not be the controlling law in Texas, contending that the rule upon which it was based was an erroneously shortened form of the general rule requiring only that the witness be connected with the crime by an unlawful act. However, *Easter* has been the rule of law since 1976, and has been followed on numerous occasions by the Court of Criminal Appeals. *E.g.*, *Smith v. State*, 721 S.W.2d 844, 851 (Tex.Crim.App.1986); *Villarreal v. State*, 576 S.W.2d 51, 56–57 (Tex.Crim.App.1978), *cert. denied*, 444 U.S. 885, 100 S.Ct. 176, 62 L.Ed.2d 114 (1979). Even under decisions prior to *Easter*, the witnesses in question, who at the most could be accomplices to the underlying offense of robbery, would not be accomplice witnesses in appellant's trial for capital murder. *Ballard v. State*, 519 S.W.2d 426, 427 (Tex.Crim.App.1974). Therefore, we find that the trial court did not err in denying the requested jury instruction regarding accomplice witnesses, and that the article 38.14 requirement for corroboration of testimony of accomplice witnesses was not triggered.

Points of error three and six are overruled.

■ In point of error four, appellant argues that the trial court erred in denying his requested instruction on self-defense in regard to David Lopez, and in not admitting the testimony of Sergeant Novak on Lopez's reputation for violence. The appellant, however, was not being tried for killing David Lopez; he was being tried for the murder of Raynell Muskwinsky, committed during the robbery of Lopez. Therefore, point of error four is without merit and is overruled.

■ In point of error five, appellant contends that the trial judge commented on the weight of the evidence when the judge sighed loudly before permitting a question upon which she had originally sustained a prosecution objection. The record indicates that appellant's objection to the comment on the weight of the evidence was sustained by the trial court, and that no further requests or motions were made. Appellant, therefore, obtained all the relief he

requested at trial, and has no arguable contention on appeal. *Penry v. State,* 691 S.W.2d 636, 655 (Tex.Crim.App.1985), *cert. denied,* 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986).

Point of error five is overruled.

The judgment of the trial court is affirmed.