TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00321-CR







Noel Dennis Mason, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 93-582-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of attempted aggravated kidnapping and aggravated
assault. Act of May 8, 1975, 64th Leg., R.S., ch. 203, § 4, 1975 Tex. Gen. Laws 476, 478
(Tex. Penal Code Ann. § 15.01, since amended); Act of May 22, 1991, 72d Leg., R.S., ch. 334,
§ 2, 1991 Tex. Gen. Laws 1380, 1381 (Tex. Penal Code Ann. § 22.02(a)(4), since amended). 
The jury assessed punishment for each count at imprisonment for five years.

 On August 27, 1993, the complaining witness was window shopping in Round
Rock when appellant and two other men approached her from behind. Appellant pointed a knife
at her ribs, the second man held a knife to her throat, and the third man served as lookout. 
Appellant and the other knife-wielding assailant ordered the complainant to go with them. Just
then, the lookout signaled the approach of a police car and the three men fled. In a written
statement given after his arrest, appellant said that his companions believed the complainant had
seen them selling drugs.

 The complainant identified State's exhibit three as a switchblade knife similar to
that used by appellant's companion during the assault. (1) Appellant challenges the admission of this
exhibit in four points of error. In points one and two, appellant contends the knife was not
relevant to the issue of appellant's guilt or, alternatively, the relevance of the knife was
outweighed by the danger of unfair prejudice. Tex. R. Crim. Evid. 402, 403. In points three and
four, appellant makes the same arguments regarding the relevance of the knife to the punishment
determination. 

 A weapon that is described as being similar to the one used during the commission
of a crime is admissible as an aid to the jury in interpreting and understanding the testimony. 
Simmons v. State, 622 S.W.2d 111, 113-14 (Tex. Crim. App. 1981). Appellant acknowledges
this rule, but urges that it should not be extended to weapons used by the defendant's accomplice. 
We disagree. All the acts of the defendant and those acting with him are admissible both on the
question of guilt and the question of punishment. Weston v. State, 297 S.W.2d 681, 682 (Tex.
Crim. App. 1956); see Rogers v. State, 853 S.W.2d 29, 32-34 (Tex. Crim. App. 1993); Albrecht
v. State, 486 S.W.2d 97, 100 (Tex. Crim. App. 1972) (State may prove context in which criminal
act occurred). The complaining witness was entitled to testify that appellant and his accomplice
were armed with knives, and exhibit three was admissible to aid the jury in understanding her
testimony. Points of error one through four are overruled.

 In his final point of error, appellant contends the district court erred by refusing
to admit expert opinion testimony "concerning appellant's fitness for probation." Dr. Richard
Coons, a psychiatrist, was called by the defense at the punishment phase. On the State's motion,
defense counsel summarized the testimony he intended to adduce from this witness, including
"whether or not [appellant] would be a good subject for probation." The State objected "to the
last question, whether or not he would be a good subject for probation" and the objection was
sustained. 

 In order to complain of the exclusion of evidence, the substance of the excluded
evidence must be preserved in the record by bill of exception or other offer of proof. Tex. R.
App. P. 52(b); Tex. R. Crim. Evid. 103(a)(2). In this cause, Coons was not questioned outside
the presence of the jury regarding appellant's fitness for probation and defense counsel did not
state for the record what Coons's testimony would be in that regard. All that is shown by the
record is that Coons would have testified either that appellant was or was not "a good subject for
probation." Under the circumstances, it cannot be said that appellant has shown that he was
denied evidence favorable to him. Point of error five is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: May 24, 1995

Do Not Publish
1. State's exhibit two was identified as being similar to the knife used by appellant. Its
admission in evidence is not complained of on appeal.