UNITED STATES, Appellee,

v.

Sergeant First Class Lester J. HOMAN, SSN 587–01–4970, United States Army, Appellant.

CM 441488.

U.S. Army Court of Military Review.

22 April 1983.

Captain Marcus C. McCarty, JAGC, argued the cause for appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major Joyce E. Plaut, JAGC, and Emerson L. Darnell, Esquire.

Captain Peter M. Donawick, JAGC, argued the cause for appellee. With him on the brief were Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Major Michael L. DeBusk, JAGC.

Before McKAY, LEWIS and HANFT, Appellate Military Judges.

### OPINION OF THE COURT

HANFT, Judge:

Homan and Cottiers entered into an agreement to sell marijuana. As a result of that agreement, Homan furnished marijuana to Cottiers who in turn sold it to Stengel. Cottiers then gave most of the proceeds of the sale to Homan who was subsequently convicted of conspiring with Cottiers to sell marijuana in violation of Article 81, Uniform Code of Military Justice, 10 U.S.C. § 881 (1976).

 Homan contends in this appeal that the evidence is insufficient as a matter of law because the overt act alleged—his receipt of the sale proceeds—occurred after the sale was consummated and thus was not an act done "to effect the object of the conspiracy" as required by Article 81 of the Code.

The purpose of requiring proof of an overt act in a criminal conspiracy case was succintly stated by Mr. Justice Harlan in *Yates v. United States,* 354 U.S. 298, 334, 77 S.Ct. 1064, 1084, 1 L.Ed.2d 1356 (1957):

> The function of the overt act in a conspiracy prosecution is simply to manifest 'that the conspiracy is at work,' *Carlson v. United States,* 187 F.2d 366, 370 [ (10th Cir.1951) ], and is neither a project still resting solely in the minds of the conspirators nor a fully completed operation no longer in existence.

In this case, the four corners of the conspiracy between Homan and Cottiers to sell marijuana clearly included a provision that Homan should benefit from the sale. "[A] conspiracy includes everything that was within the contemplation of the conspiracy, such as the division of the spoils or any other matters subsequent to, but included within, its scope." *Robins v. State,* 134 Tex.Cr.R. 617, 117 S.W.2d 82, 84 (1938). Although the sale of marijuana was completed before Homan was paid, the conspiracy was still at work and not fully completed until such time as Homan was paid.

Thus, the overt act of Homan's receipt of the sale proceeds after the sale had been consummated was nonetheless an act done "to effect the object of the conspiracy."

The remaining assignments of error are also decided adversely to Homan. The findings of guilty and the sentence are affirmed.

Judge McKAY and Judge LEWIS concur.