**UNITED STATES**

v.

**Airman First Class Glenn A. CRAW-FORD, FR 010–64–2238, United States Air Force.**

**ACM 28362.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 2 Dec. 1989.

Decided 13 Sept. 1990.

---

**2.** Senior Judge Blommers took final action on this case prior to his reassignment.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Ronald G. Morgan.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni and Captain James C. Sinwell.

Before BLOMMERS, KASTL, MURDOCK and MILLS, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

Airman First Class Crawford was found guilty, in accordance with his pleas, of conspiracy, making a false official statement, larceny, housebreaking, and unlawful entry. All offenses occurred while he was on duty as a security policeman at Griffiss Air Force Base, New York.

At trial, the parties were bedeviled by a lawyer's nightmare—the specifications required substantial, detailed amendment to comport with Crawford's guilty pleas.[1]

## I

In early April 1989, Crawford and an airman named Wilcox conspired to steal unspecified property. Pursuant to the agreement, they stole two items. The first item was a Rome Air Development Center access badge, military property of a value less than $100.00. This theft occurred around 7 April. A week later, Crawford and Wilcox entered a building on base and stole the second item: a one-man life raft, designed to be carried on military aircraft, United States government property, with a value over $100.00. These two thefts were the overt acts ultimately offered to prove a conspiracy.

Crawford argues that the military judge erred by determining that the maximum punishment for conspiracy included 10 years' confinement. The Government disagrees.

At this juncture, we note four matters upon which everyone can agree:

■ 1. The maximum punishment for conspiracy is: "... the maximum punishment authorized for the offense which is the object of the conspiracy...." MCM, Part IV, para. 5(e) Therefore, *the maximum punishment imposable for conspiracy to commit larceny depends on the value and nature of the property stolen.*

2. The access badge creates no real problem. It is military property valued at less than $100.00. The maximum punishment for it alone includes a bad conduct discharge and confinement for one year. MCM, Part IV, para. 46(e)(1)(a).

3. The life raft, *if* properly charged as military property with a value of over $100.00, calls for a maximum of a dishonorable discharge and ten years confinement. MCM, Part IV, para. 46(e)(1)(c).

---

1. Various motions (a request for new Article 32 investigation, suppression of evidence seized from the appellant's dwelling, and discovery) were denied by the military judge. The appellant then entered an unconditional guilty plea.

4. All the other offenses permit 21½ years' maximum confinement. The computations leading to that figure are undisputed.

| Appellant's Theory # 1 | |
|---|---|
| access badge | 1 year |
| all others | 21½ years |
| TOTAL: | 22½ years |

| Appellant's Theory # 2 | |
|---|---|
| access badge | 1 year |
| life raft | 5 years |
| all others | 21½ years |
| TOTAL: | 27½ years |

Upon these facts, Crawford advances two theories concerning the correct maximum confinement. They can be mathematically presented as follows:

---

Under appellant's Theory # 1, the conspiracy was complete on 7 April, when he took the access badge. He argues there is no need to add a conspiracy to steal the life raft. According to this contention, the correct maximum would include 22½ years confinement.

Under Theory # 2, stealing both the access badge and life raft were within the scope of the conspiracy. However, Theory # 2 offers another rationale to limit the maximum available punishment: Crawford points to the stipulation of fact used in connection with his guilty plea. From the stipulation, he argues that the raft fails to qualify as military property since it is merely described as "Government property." He then asserts that since the prosecution failed to show the raft was military property, the correct maximum figure for the raft is five years—the maximum for *non-military* items over $100.00

We hold that the military judge ruled correctly and that there was no reversible error.

■ In regard to Theory # 1: A conspiracy includes all offenses committed pursuant to it by any of the actors. MCM, Part IV, para. 5c(5); *United States v. Homan*, 16 M.J. 521, 522 (A.C.M.R.1983), *pet. denied*, 17 M.J. 204 (C.M.A.1983). Here, we discern two distinct overt acts alleged, the theft of the controlled area badge one week and the theft of the life raft a week later. Both overt acts are comfortably within the contemplation of the conspiracy.

See *United States v. Thompson*, 21 M.J. 94 (C.M.A.1985) (Sum.Dis.); *United States v. Kidd*, 13 U.S.C.M.A. 184, 32 C.M.R. 184, 190 (1962); *United States v. Seberg*, 5 M.J. 895 (A.F.C.M.R.1978), *pet. denied*, 6 M.J. 282 (C.M.A.1979). Accordingly, Crawford's Theory # 1 fails.

■ As for Theory # 2: Crawford argues, as indicated earlier, that the life raft was not "military property over $100.00," calling for a 10–year confinement maximum under the Manual; instead, he says, it should be treated as ordinary property, with a five year figure. After all, insists the appellant, the stipulation of fact calls this "Government property;" that should bind the parties under R.C.M. 811(e).

We cannot agree. We conclude that the stipulation employed the term "Government property" in a generic sense, not a specific one. We find it outcome-determinative that Crawford described the item as "military property" during his guilty plea inquiry (ROT 219). Moreover, the specification described the raft as "military property." Accordingly, we reject the argument that the stipulation of fact fatally conflicts with the specification and/or the providence inquiry.[2]

It follows that the correct maximum punishment was 32½ years, as determined by the military judge.

## II

Crawford also alleges that his unconditional guilty plea was improvident. The

---

**2.** Even were we to determine that error occurred here, we would find no need to reduce the sentence. *United States v. Hunt*, 10 M.J. 222 (C.M.A.1981). *See generally United States v. Battle*, 27 M.J. 781 (A.F.C.M.R.1988).

precedents are clearly against his position. *United States v. Dusenberry*, 23 U.S.C. M.A. 287, 49 C.M.R. 536 (1975); *United States v. Ebanks*, 29 M.J. 926, 929 (A.F.C. M.R.1989); *United States v. Dudley*, 21 M.J. 615 (A.F.C.M.R.1985).

### III

We agree that a new initial court-martial order will be required in this case to reflect correctly Crawford's amended pleas and have so directed.

The findings of guilty and the sentence are correct in law and fact and, upon the basis of the entire record, are

AFFIRMED.

Senior Judges BLOMMERS and MURDOCK and Judge MILLS concur.[3]

---

**3.** Senior Judge BLOMMERS took final action on this case prior to his reassignment.