**Michael Jonathan EMINGER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-85-201-CR.**

Court of Appeals of Texas, Fort Worth.

Sept. 24, 1986.

Ronald W. Quillin, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and HILL and FARRIS, JJ.

## OPINION

FARRIS, Justice.

Michael Jonathan Eminger appeals from his conviction by a jury of the offense of delivery of a controlled substance. TEX. REV.CIV.STAT.ANN. art. 4476–15, sec. 4.031 (Vernon Supp.1986). The trial court, on appellant's plea of "true" to the enhancement paragraph of the indictment, assessed his punishment at twelve years in the Texas Department of Corrections. Appellant complains that testimony of a conversation between an undercover officer and a co-conspirator of appellant was hearsay and challenges the sufficiency of the evidence.

We affirm.

Gary Stanfield, a police officer for the City of Bedford, called as a witness by the State, testified that on October 2, 1984, he was working as an undercover narcotics officer. On that date, Stanfield received a call from Greg Morgan. As a result of their conversation, Stanfield arranged to meet Morgan. Morgan arrived at the agreed rendezvous in an automobile driven by appellant. The appellant was later identified as the owner of the automobile. In exchange for $100.00, Morgan gave Stanfield a clear plastic bag containing amphetamine. Stanfield testified that when Morgan first approached him at the rendezvous, Morgan said that he had a gram of crank, a street name for amphetamine, which did not belong to Morgan but which

he was selling for the appellant, whom he identified as "Bill."

Stanfield testified that after he had received the amphetamine and paid Morgan $100.00, he and Morgan got out of the witness's car, walked over to the automobile in which the appellant was sitting and engaged in a conversation involving the appellant in which the officer said to the appellant, "I hear you can get me some big stuff," and the appellant replied, "Yes, I can. I can get you an ounce for about $1100, just as good a crank as we got you today." The officer also testified that he saw Morgan hand the $100.00 which the officer had paid Morgan to the appellant.

In his first ground of error,[1] the appellant complains that the trial court erred in admitting hearsay evidence. Stanfield testified that after the appellant and Morgan arrived, Morgan left the appellant's vehicle and joined the witness in his vehicle. The appellant objected to the following answers elicited by the State from the witness:

Q. After that particular transaction, did you have any more conversation with Greg [Morgan]?

A. Yes, sir. He asked me if I was interested in a larger quantity, about an ounce I believe he said, and I said, yes.

Q. And what did he respond at that time?

A. He said let's get out of the car and talk to Bill.

Appellant argues that the above testimony of statements made by the co-conspirator after an exchange of the amphetamine and money does not come within the hearsay exception applicable to the acts or statements of co-conspirators made in the furtherance of a conspiracy because the conspiracy was completed.

 Hearsay statements made by a co-conspirator of an accused are admissible as an exception to the hearsay rule provided that the alleged co-conspirator has been participating in a conspiracy in which the accused also participated or later joined and provided the statement was made during the furtherance of the conspiracy. *Ward v. State*, 657 S.W.2d 133, 136 (Tex. Crim.App.1983). An act or statement of a co-conspirator does not come within the exception if it is an act or a statement that occurs after the completion of the conspiracy. *Delgado v. State*, 544 S.W.2d 929, 931 (Tex.Crim.App.1977). A conspiracy is not finally completed until everything has been done that was contemplated to be done by the conspirators. *White v. State*, 451 S.W.2d 497, 500 (Tex.Crim.App.1969); *Adamson v. State*, 113 Tex.Crim.R. 335, 21 S.W.2d 675, 677 (1929). For a co-conspirator's statement to be admissible under this exception, there must be proof of the existence of a conspiracy. *Chapman v. State*, 470 S.W.2d 656, 662 (Tex.Crim.App.1971). Where there is sufficient independent evidence to establish a conspiracy, hearsay acts and statements of a conspirator which are made prior to the time the conspiracy is completed are admissible. *Denney v. State*, 558 S.W.2d 467, 469 (Tex.Crim.App. 1977), *cert. denied*, 437 U.S. 911, 98 S.Ct. 3104, 57 L.Ed.2d 1142 (1978). We find that there is sufficient independent evidence to establish that the appellant and Morgan were co-conspirators in a conspiracy to sell amphetamine, that the conspiracy was not completed before Morgan paid the $100.00 to the appellant and that the hearsay statement to which the appellant objects was made during the furtherance of the conspiracy and before its completion. Appellant's first point of error is overruled.

Appellant's second point of error complains of insufficient evidence to support the verdict of the jury. In support of his second point of error, appellant contends that the evidence is insufficient because he was not engaged in the exchange of amphetamine for money and the evidence is not sufficient to convict him under the law of parties. Officer Stanfield testified that after he paid Morgan with two $50.00 bills

1. Pursuant to TEX.R.APP.P. 74(d), effective September 1, 1986, we will hereafter refer to these contentions as "points" of error.

for the amphetamine which Morgan gave to him, the witness and Morgan walked over to the appellant's automobile. Stanfield observed Morgan hand two $50.00 bills to appellant, and the witness said to appellant, "I hear you can get me some big stuff," to which the appellant replied, "Yes, I can. I can get you an ounce for about $1100, just as good a crank as we got you today."

An accused can be convicted of delivery if he participates as a party in the actual delivery. *Howery v. State,* 528 S.W.2d 230, 232 (Tex.Crim.App.1975); *Westfall v. State,* 663 S.W.2d 664, 667 (Tex. App.—Corpus Christi 1983, pet. ref'd). In the present case, the appellant drove Morgan to the place of rendezvous with the undercover officer, received the money paid for the amphetamine, and acknowledged (by his offer to sell the officer an additional ounce of amphetamine) his participation in the offense with which he was charged. Appellant's second point of error is overruled.

We affirm.